IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CYRUS R. PIERCE                   :

      v.                              :   CIVIL ACTION NO. AMD-02-2784

JOANNE B. BARNHART, Commissioner   :
of the Social Security Administration

oOo

## MEMORANDUM

On August 21, 2002, the plaintiff, a Baltimore, Maryland resident, filed the instant *pro se* action alleging employment discrimination pursuant to 42 U.S.C. § 2000e, and 42 U.S.C. §12101. Plaintiff has paid the filing fee.

The plaintiff states that he is employed by the Social Security Administration as a benefit authorizer. (Paper No. 1) He contends that he was denied a promotion in April of 2002 due to his race, color and disability. *(Id.)* He further contends that on July 29, 2002 and August 14, 2002 he was harassed and retaliated against for having previously filed an Equal Employment Opportunity Complaint. *(Id.)*

On August 26, 2002 this Court entered an Order requesting Plaintiff demonstrate whether he had exhausted his available administrative remedies. (Paper No. 2 and 3). On September 3, 2002 the Court received, presumably from the Plaintiff, a copy of correspondence from the Social Security Administration directed to the Plaintiff. (Paper No. 4). The correspondence, dated August 29, 2002, reveals that Plaintiff was provided a copy of the Social Security Administration's investigative file concerning his discrimination complaint.

As previously noted by this Court, while 42 U.S.C. § 2000e-16(c) permits a federal employee to file suit in federal court alleging a violation of 42 U.S.C. § 2000(e)-16(a), administrative remedies must first be fully exhausted. ***Long v. Ringling Bros.-Barnum & Bailey***, 9 F.3d 340, 343 (4th Cir. 1993); ***Khader v. Aspin***, 1 F.3d 968, 971 (10th Cir. 1993). The documents provided to the Court demonstrate that Plaintiff has not exhausted his administrative remedies. No final agency decision has been issued. Nor has the requisite time period passed which would allow the Plaintiff to bring his complaint before this Court without a final agency decision. Accordingly, Plaintiff's complaint shall be dismissed without prejudice for failure to exhaust administrative remedies.

A separate Order shall be entered.

9/6/2002
Date

ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE